UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY, § § § **Plaintiff,** § § v. § § JAMES E. HARRISON and GUY § WARREN BRANT § § **Defendants.** § § | CIVIL ACTION NO. _____ |

## COMPLAINT IN INTERPLEADER

Plaintiff AXA Equitable Life Insurance Company ("AXA Equitable"), by and through its attorneys, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. AXA Equitable is an insurance company incorporated under the laws of the State of New York with its principal place of business in New York. AXA Equitable is duly authorized to do business in the State of Texas.

2. Upon information and belief, Billy Guy Brant was a resident of Houston, Texas.

3. Upon information and belief, James E. Harrison ("Harrison") is an adult citizen of Florida residing in Florida with a mailing address at 1670 Southeast 7th Street, Fort Lauderdale, Florida 33316.

4. Upon information and belief, Guy Warren Brant ("Guy Brant") is the Insured's son, the executor of the Insured's will, and an adult citizen of Texas residing in Texas with a mailing address at P.O. Box 11287, Spring, Texas 77391.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1335 because two or more of the adverse claimants are of diverse citizenship from one another and the amount in controversy exceeds $500.00. *See State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523 (1967) (only minimal diversity required in statutory interpleader actions).

6. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the interpleader plaintiff and each of the defendants and the amount in controversy exceeds $75,000.00. AXA Equitable is a New York citizen for diversity purposes, and, upon information and belief, the defendants are citizens of Florida and Texas.

7. The Court has personal jurisdiction over each of the claimants pursuant to Fed. R. Civ. P. 4(k)(1)(C) because 28 U.S.C. § 2361 provides for nationwide service of process in federal statutory interpleader actions.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9. On January 17, 2006, AXA Equitable issued Policy No. 155 228 412 (the "Policy") to Billy Guy Brant as owner and insured. The Policy has a death benefit of $101,799.00. Billy Guy Brant designated his spouse, Juanita Brant as the sole primary beneficiary and did not designate a contingent beneficiary. *A true and correct copy of the Application is attached hereto as* **Exhibit A.**

10. The provisions of the Policy state that if no primary or contingent beneficiary or beneficiaries survive the Insured, then the proceeds of the Policy will be paid to the Insured's surviving children.

11. On or about November 8, 2013, AXA Equitable received a change of Ownership form dated November 7, 2013, signed by Billy Guy Brant as owner changing the ownership of the Policy to Harrison. *A true and correct copy of the Ownership Change form is attached hereto as* **Exhibit B.**

12. On or about November 8, 2013, AXA Equitable received a Beneficiary Change form dated November 7, 2013, pursuant to which Billy Guy Brant as owner designated Harrison as the sole primary beneficiary of the Policy and identified Harrison as a business associate. *A true and correct copy of the Beneficiary Change form is attached hereto as* **Exhibit C.**

13. By letter dated November 15, 2013, AXA Equitable confirmed to Harrison that the Policy owner and beneficiary was changed to him. Billy Guy Brant was copied on the letter and AXA Equitable sent a copy of the letter to Billy G. Brant. *A true and correct copy of the November 15, 2013 letter is attached hereto as* **Exhibit D.**

14. Upon information and belief, on or about August 8, 2018, the Insured died. *A true and correct copy of the Insured's death certificate is attached hereto as* **Exhibit E.**

15. As a result of the death of the Insured, a death benefit in the amount of $101,799 became payable under the terms of the Policy to a beneficiary or beneficiaries (the "Death Benefit"), plus applicable interest, if any.

16. By Claim to Life Insurance Benefits form dated August 10, 2018, Harrison made a claim for the Death Benefit and forwarded to AXA Equitable a copy of a Life Settlement Contract dated November 6, 2013 through which Billy Guy Brant as owner purportedly sold the Policy to Harrison. *A copy of Harrison's Claim to Life Insurance Benefits form without enclosures is attached hereto as* **Exhibit F.**

17. By letters dated January 11, 2019, February 11 2019, and March 8, 2019, AXA Equitable requested the Insured's death certificate and notified the Insured's son, Guy Brant, that

Harrison was designated beneficiary of record. *A copy of the January 11, 2019, February 11, 2019, and March 8, 2019 letters without enclosures are attached hereto as **Exhibit G***.

18. By letter dated March 25, 2019, Guy Brant, identifying himself as the Insured's only surviving son, advised AXA Equitable that it was his belief that any claim for the Death Benefit, other than from Guy Brant, was false and fraudulent. Guy Brant further advised that Harrison did not work at the company where his father had worked. Guy Brant also provided a copy of the Insured's Death Certificate and the Insured's Last Will and Testament dated November 29, 2004 (the "Will"). The Will identified Guy Warren Brant and Douglas Alan Brant as the Insured's only children and named Guy Warren as executor through a June 5, 2018 codicil. *A true and correct copy of the March 25, 2019 letter with enclosures is attached hereto as **Exhibit H.***

19. Upon information and belief, both Juanita Brant and Douglas Alan Brant predeceased the Insured.

20. AXA Equitable advised Guy Brant and Harrison that, if they were unable to resolve their dispute regarding the distribution of the Death Benefit, AXA Equitable would interplead the Death Benefit.

21. By Claim to Life Insurance Benefits form dated June 8, 2019, Guy Brant made a claim for the Death Benefit. *A copy of Brant's Claim to Life Insurance Benefits form is attached hereto as **Exhibit I.***

22. On July 2, 2019, counsel for AXA Equitable provided Brant, with authorization from Harrison, a copy of Harrison's Claim to Life Insurance Benefits form annexing the November 6, 2013 Life Settlement Agreement, as well as copies of the Ownership Change form and Beneficiary Change form naming Harrison and the November 15, 2013 letter from AXA Equitable confirming the owner and beneficiary changes.

23. On July 6, 2019, Guy Brant advised counsel for AXA Equitable that the signatures on the documents produced by counsel did not match the Insured's signature and that Guy Brant would be pursuing his claim to the Death Benefit.

24. There have been no other claims for the Death Benefit. Under the circumstances, AXA Equitable cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of Harrison and Guy Brant (collectively, the "Adverse Claimants"), AXA Equitable is or may be exposed to multiple liability.

25. AXA Equitable is ready, willing and able to pay the Death Benefit, plus claim interest, if any, in accordance with the terms of the Policy, to whomever this Court shall designate.

26. As a mere stakeholder, AXA Equitable has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom the Death Benefit should be paid.

27. AXA Equitable accordingly will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

28. AXA Equitable has not brought this Complaint in Interpleader at the request of any of the Adverse Claimants. There is no fraud or collusion between AXA Equitable and any of the Adverse Claimants. AXA Equitable brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, AXA Equitable prays that the Court enter judgment:

(a) requiring the Adverse Claimants to answer the Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) enjoining the Adverse Claimants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit and/or the Policy;

(c) requiring that the Adverse Claimants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting AXA Equitable to deposit the amount of the Death Benefit, plus claim interest, if any, into the Court, or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging AXA Equitable from any and all further liability to the parties to this litigation relating in any way to the Death Benefit or the Policy upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) awarding AXA Equitable its attorneys' fees and costs in their entirety; and

(g) awarding AXA Equitable any other and further relief that this Court deems just and proper.

Dated:  July 25, 2019

Respectfully submitted,

*/s/ Gayla C. Crain*
Gayla C. Crain
State Bar No. 04991700
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Tel: (469) 320- 6172
Fax: (469) 320-6889
Email: gcrain@grayreed.com

*Attorneys for Plaintiff*